## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

**KRISTEN CAREY DORNBURG**                                                   **PLAINTIFF**

**v.**                          **Case No. 4:19-cv-04047-SOH**

**CLAUDIA EARHART;**
**RYDER TRUCK RENTAL CANADA LTD;**
**RYDER TRUCK RENTAL, INC.;**
**and JOHN DOE ENTITIES 1-3**                                                **DEFENDANTS**

---

### COMPLAINT

---

COMES NOW the Plaintiff, Kristen Carey Dornburg by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I.    RESIDENCY AND PARTIES

1.     Plaintiff Kristen Dornburg ("Plaintiff") was at all times relevant a citizen and resident of Saint Joe, Searcy County, Arkansas.

2.     Upon information and belief, Separate Defendant Claudia Earhart (hereinafter "Defendant Earhart") was at all times relevant a resident of London, Ontario, Canada.

3.     Upon information and belief Separate Defendant Ryder Truck Rental Canada LTD (hereinafter "Defendant Ryder Truck Canada"), is a

foreign for-profit corporation whose primary address is 700 Creditstone Rd, Concord, Ontario Canada, L4K5A4.

4.      Upon information and belief, Defendant Ryder Truck Canada is a part of the corporation, Ryder Truck Rental, Inc.

5.      Upon information and belief, Separate Defendant Ryder Truck Rental Inc., (hereinafter "Defendant Ryder") is a foreign for-profit corporation, whose registered agent is Corporate Creations Network, Inc. located at 609 SW 8th St 600, Bentonville, Arkansas 72712.

6.      The residencies of Separate Defendants John Doe Entities 1 through 3 remains unknown.

7.      Plaintiff's counsel executed a "John Doe Affidavit" in accordance with Ark. Code Ann. § 16-56-125, which is being filed contemporaneously herewith as **Exhibit A.**

8.      The incident giving rise to this cause of action occurred on I-30, Texarkana, Miller County, Arkansas.

## II.      JURISDICTION AND VENUE

9.      All of the allegations previously plead herein are re-alleged as though stated word-for-word.

10.     The United States District Court for the Western District of Arkansas has jurisdiction of this cause of action pursuant to 28 U.S.C. § 1332 as the Plaintiff, is a resident of the State of Arkansas and the amount in controversy exceeds $75,000.00 USD, the amount required for U.S. federal

court jurisdiction in diversity of citizenship causes of actions.

11.     Venue for this cause of action is governed by 28 U.S.C. § 1391. Venue lies properly in the Western District of Arkansas, Texarkana Division as the Plaintiff is a resident of Searcy County, Arkansas and the incident from which this complaint arises occurred in Texarkana, Miller County, Arkansas.

12.     The Hague Service Convention is applicable in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. The United States and Canada are parties to the Hague Service Convention and service of process is governed by the convention

13.     After the collision, Defendant Earhart absented herself from the State of Arkansas. Defendant Earhart is subject to jurisdiction in Arkansas pursuant to Ark. Code Ann. § 16-58-120 and the Hague Convention. In accordance with the Hague Service Convention, Plaintiff intends to serve a summons and complaint on the Defendant through personal service, if possible.

14.     Plaintiff will also serve a copy of the summons, complaint and affidavit of personal service on the Defendant signed by an individual authorized to serve summons and complaints in Ontario, Canada on the Arkansas Secretary of State, along with $25 payable to the Arkansas Secretary of State and notice of serving Defendant Earhart at her last known

address at 528 Highbury Ave., London, Ontario, N5W4K7, in accordance with Ark. Code Ann.. § 16-58-120.

### III.   BASIC PREMISE

15.   This is a negligence case arising from a motor vehicle collision that occurred on Interstate 30 in Texarkana, Howard County, Arkansas on or about December 3, 2016, when Defendant Earhart struck the rear of the vehicle Plaintiff Dornburg was in with a 2016 International Harvester/Navistar truck Defendant Earhart was driving, owned by Ryder Truck Rental Canada, LTD and Ryder Truck Rental, Inc., her employers.

### IV.   FACTS

16.   All of the allegations previously plead herein are re-alleged as though stated word-for-word.

17.   On or about December 03, 2016 at approximately 10:12 a.m. Paul Dornburg was eastbound on I-30 stopped in traffic between exits 2 and 7 in a 2006 Chrysler Pt. Cruiser. Plaintiff was a passenger.

18.   At the same time, Separate Defendant Earhart was driving an 18-wheeler ProStar owned by Separate Defendants Ryder Truck Canada and Ryder.

19.   Separate Defendant Earhart was also eastbound on I-30 stopped in traffic between exits 2 and 7, directly behind Paul Dornburg and the Plaintiff.

20.     Separate Defendant Earhart's foot slipped from the breaks and she collided with the rear of Paul Dornburg's vehicle.

21.     Upon information and belief, Defendant Earhart was an employee and/or agent of Separate Defendants Ryder Truck Canada and Ryder at the time of the collision.

22.     As a result of the collision, Plaintiff sustained personal injuries and damages.

## V.     CAUSE OF ACTION NO. ONE – NEGLIGENCE

23.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

24.     Separate Defendant Earhart was negligent when she allowed her foot to slip off the brake, causing the 2016 International Harvester/Navistar truck, owed by Separate Defendant Ryder Truck Canada and Ryder, to lurch forward and strike the rear of the vehicle Plaintiff was riding in as a passenger.

25.     Separate Defendant Earhart was negligent in the following particulars:

> a.     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

> b.     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6), and (b)(8);

  c. Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

  d. Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

  e. Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

  f. Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

  g. Failing to keep her vehicle under control, in violation of the common law of Arkansas;

  h. Driving too close to another vehicle, in violation of the common law of Arkansas;

  i. Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION NO. TWO – RESPONDEAT SUPERIOR LIABLITY

26. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

27. Upon information and belief, Separate Defendants Ryder Truck Canada and Ryder are responsible and vicariously liable for the negligence of Separate Defendant Earhart under the legal doctrines of joint enterprise and respondent superior.

28.     Upon information and belief, Separate Defendant Earhart was in the course and scope of employment or agency of Separate Defendants Ryder Truck Canada and Ryder at the time of the collision.

29.     Upon information and belief, Separate Defendants Ryder Truck Canada and Ryder's employees, agents, and representatives negligent acts and omissions are imputed to the Defendants, their employer/principal, under the legal doctrine of *respondent superior* and principles of agency as adopted in Arkansas.

## VII.   CAUSE OF ACTION NO. THREE – NEGLIGENT HIRING, SUPERVISION AND ENTRUSTMENT

30.     Upon information and belief, Separate Defendants Ryder Truck Canada and Ryder negligently hired, trained and/or supervised Separate Defendant Earhart.

31.     Upon information and belief, Separate Defendants Ryder Truck Canada and Ryder knew or in the exercise of reasonable care should have known that Separate Defendant Earhart presented a risk of danger to other drives and public in general.

32.     As a direct and proximate result of their negligence, Plaintiff, suffered injuries and damages.

## VIII.  PROXIMATE CAUSATION

33.     All of the allegations previously plead herein are re-alleged as

though stated word-for-word.

34.    Separate Defendant Earhart, Separate Defendant Ryder Truck Canada, and Separate Defendant Ryder's negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## IX.    INJURIES AND COMPENSATORY DAMAGES

35.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

36.    Plaintiff sustained personal injuries as a result of the collision.

37.    Plaintiff is entitled to the following damages:

     a.    The nature, extent, duration, and permanency of her injuries;

     b.    The full extent of the injuries she sustained;

     c.    The expense of her medical care, treatment and services received, including transportation, board and lodging expenses, and those expenses that are reasonably certain to be required in the future;

     d.    Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future;

     e.    The value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

     f.    The visible results of her injuries; and

      g.     Any property damages she sustained.

38.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X.    DEMAND FOR JURY TRIAL

39.    Plaintiff hereby demands a trial by jury.

## XI.    DEMAND AND PRAYER

WHEREFORE, Plaintiff Kristen Dornburg respectfully prays for judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and which is sufficient to fully compensate Plaintiff for any and all damages Plaintiff is entitled to recover under Arkansas law, including pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Geoff Thompson
Ark. Bar No. 2002093
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222-7250
Phone:    (501) 868-2500
Facsimile:    (501) 868-2508
E-Mail:    Thompson@Rainfirm.com

*Attorneys for Plaintiff*